UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-22599-UU

ANA ROSA ALFONSO AGRINZONES and )
all others similarly situated under 29 U.S.C. )
216(b), )
                                                                           Plaintiff, )
  vs. )
)
RINCON CRIOLLO RESTAURANT AND )
CAFETERIA INC., )
ANTONIO J GONZALEZ, )
BARBARA GONZALEZ, )
)
                                                Defendants. )
                                                             )

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110[1]**

Plaintiff, ANA ROSA ALFONSO AGRINZONES on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, RINCON CRIOLLO RESTAURANT AND CAFETERIA INC., ANTONIO J GONZALEZ, and BARBARA GONZALEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant RINCON CRIOLLO RESTAURANT AND CAFETERIA INC., is a

---

[1] This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants have not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), to date and, as such, the 21 day period has not commenced.

company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant ANTONIO J GONZALEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant BARBARA GONZALEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who worked as a waitress and/or the serving staff (i.e. busers, runners, etc.) and other employees that have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a waitress from on or about September 18, 2017 through on or about June 20, 2018.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2016 and 2017.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

15. Between the period of on or about September 18, 2017 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants and was paid an average of $2.87 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum and overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18. Between the period of on or about September 18, 2017 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants, RINCON CRIOLLO RESTAURANT AND CAFETERIA INC., ANTONIO J GONZALEZ, and BARBARA GONZALEZ. Plaintiff was paid $2.87/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.87/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $2.87/hr and the applicable minimum wage for all hours worked.

19. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage

violations.

20. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-20 above and further states:

21. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

22. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

23. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

24. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

25. On June 28, 2018, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Per the United Stated Postal Service Tracking Results, all Defendants were served with the Notices on June 30, 2018. *See* Attached Exhibit "A".

26. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days from the June 30, 2018, date expired on Sunday, July 15, 2018. As of the date of filing the instant First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

27. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

28. Between the period of on or about September 18, 2017 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants. Plaintiff was paid $2.87/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[2] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.87/hr and the applicable minimum wage rate for all hours worked.

29. The Defendant's wage payment practices to Plaintiff for the above-mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

30. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for

---

[2] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
            J.H. Zidell, Esq.
          Florida Bar Number: 0010121