UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22599-CIV-UU

ANA ROSA ALFONSO AGRINZONES and )
all others similarly situated under 29 U.S.C. )
216(b), )
)
                Plaintiff, )
  vs. )
)
RINCON CRIOLLO RESTAURANT AND )
CAFETERIA INC., )
ANTONIO J GONZALEZ, )
BARBARA GONZALEZ, )
)
                Defendants. )
_____ )

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONSAND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110 IN COMPLIANCE WITH THE COURT'S ORDER [DE15]**[1]

Plaintiff, ANA ROSA ALFONSO AGRINZONES on behalf of herself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Second Amended Complaint, pursuant to the Courts' Order [DE15], against Defendants, RINCON CRIOLLO RESTAURANT AND CAFETERIA INC., ANTONIO J GONZALEZ, and BARBARA GONZALEZ, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant RINCON CRIOLLO RESTAURANT AND CAFETERIA INC., is a

    company that regularly transacts business within Miami-Dade County. Upon information and

---

[1] This Second Amended Complaint is being filed in accordance with the Court's Order and Referral in Actions Brought Under the Fair Labor Standards Act [DE15]. Plaintiff also corrected scrivener's errors in the First Amended Complaint.

belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant ANTONIO J GONZALEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant BARBARA GONZALEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who worked as a waitress and/or the serving staff (i.e. busers, runners, etc.) and other employees that have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a waitress from on or about September 18, 2017 through on or about June 20, 2018.

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in

excess of $500,000 annually for the years 2016 and 2017.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2018 and is expected to exceed $500,000 for the year 2018.

15. Plaintiff's Statement of Claim is as follows:[2]

**Half-Time Overtime Claim:**[3]
Period Claimed: 9/18/17 -12/31/17
Weeks: 14 weeks (rounded down)
Overtime hours worked per week: 26 hours
State Minimum wage: $8.10/hr.
Amount of half-time overtime per hour not compensated: $4.05
Total overtime wages unpaid and liquidated damages: $1,474.20 X 2 = $2,948.40, *exclusive of* **attorneys' fees and costs**

Period Claimed: 1/1/18 -6/20/18
Weeks: 24 weeks (rounded down)
Overtime hours worked per week: 26 hours
State Minimum wage: $8.25/hr.
Amount of half-time overtime per hour not compensated: $4.13
Total overtime wages unpaid and liquidated damages: $2,577.12 X 2 = $5,154.24, *exclusive of* **attorneys' fees and costs**

---

[2] Plaintiffs' calculation of damages is based on the Florida Minimum Wage rate (as opposed to the Federal Minimum Wage rate). *See, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)("pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a). Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."); *See also*, 29 C.F.R. § 541.4 ("Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act.").   *See also*, 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").
[3] Said calculation is based on the Florida Minimum Wage rate.

Total Overtime Wages Unpaid and Liquidated Damages: $4,051.32 X 2 = $8,102.64, *exclusive of* attorneys' fees and costs

**Florida Minimum Wage Claim:**
Period Claimed: 9/18/17 -12/31/17
Weeks: 14 weeks (rounded down)
Hours (worked per week:) 66 hours
State Minimum wage: $8.10/hr.
Wage paid: $2.80/hr
Wage owed: $5.30/hr
Amount owed: $5.30/hr X 14 weeks X 66 hours = $4,897.00

Period Claimed: 1/1/18 -1/31/18
Weeks: 4 weeks (rounded down)
Hours (worked per week:) 66 hours
State Minimum wage: $8.25/hr.
Wage paid: $2.80/hr
Wage owed: $5.45/hr
Amount owed: $5.45/hr X 4 weeks X 66 hours = $1,438.80

Period Claimed:2/1/18 -6/20/18
Weeks: 20 weeks (rounded up)
Hours (worked per week:) 66 hours
State Minimum wage: $8.25/hr.
Wage paid: $3.25/hr
Wage owed: $5.00/hr
Amount owed:$5.00/hr X 20 weeks X 66 hours = $6,600.00
Total minimum wages unpaid and liquidated damages: $12,935.80X 2 = $25,871.60, *exclusive of* attorneys' fees and costs

**Total OT/MW wages unpaid and liquidated damages: $16,987.12 X 2 = $33,974.24,** *exclusive of* **attorneys' fees and costs**

16. Plaintiff seeks all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiff.

17. Plaintiff reserves the right to seek time-and-one-half damages for any completely unpaid overtime hours should the facts adduced in discovery justify same.

18. Plaintiff reserves the right to seek minimum wage damages under the Florida Constitution. Plaintiff reserves the right to the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments to seek the higher of the

two applicable rates.

19. Between the period of on or about September 18, 2017 through on or about January 31, 2018, Plaintiff worked an average of 66 hours a week for Defendants and was paid an average of $2.80 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about February 1, 2018 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants and was paid an average of $3.25 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum and overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court

finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. Between the period of on or about September 18, 2017 through on or about January 31, 2018, Plaintiff worked an average of 66 hours a week for Defendants. Plaintiff was paid $2.80/hr for said work in violation of the Fair Labor Standards Act as said payment of $2.80/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $2.80/hr and the applicable minimum wage for all hours worked.

24. Between the period of on or about February 1, 2018 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants. Plaintiff was paid $3.25/hr for said work in violation of the Fair Labor Standards Act as said payment of $3.25/hr did not

meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between her average hourly rate of $3.25/hr and the applicable minimum wage for all hours worked.

25. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

26. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT III. FLORIDA MINIMUM WAGE VIOLATIONAGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-26 above and further states:

27. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

28. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

29. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

30. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants.

31. On June 28, 2018, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a). Per the United Stated Postal Service Tracking Results, all Defendants were served with the Notices on

June 30, 2018.

32. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days from the June 30, 2018, date expired on Sunday, July 15, 2018. As of the date of filing the First Amended Complaint, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

33. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

34. Between the period of on or about September 18, 2017 through on or about January 31, 2018, Plaintiff worked an average of 66 hours a week for Defendants. Plaintiff was paid $2.80/hr for said work which did not meet the applicable Florida minimum wage for said time period

as required by the Florida Constitution.[4] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $2.80/hr and the applicable minimum wage rate for all hours worked.

35. Between the period of on or about February 1, 2018 through on or about June 20, 2018, Plaintiff worked an average of 66 hours a week for Defendants. Plaintiff was paid $3.25/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[5] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $3.25/hr and the applicable minimum wage rate for all hours worked.

36. The Defendant's wage payment practices to Plaintiff for the above-mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

37. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified

---

[4] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

[5] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the Defendant pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendant or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

          Respectfully Submitted,

          J.H. Zidell, Esq.
          J.H. Zidell, P.A.
          Attorney For Plaintiff
          300 71st Street, Suite 605
          Miami Beach, Florida 33141
          Tel: (305) 865-6766
          Fax: (305) 865-7167
          Email: ZABOGADO@AOL.COM

          By:__/s/ J.H. Zidell_____
              J.H. Zidell, Esq.
              Florida Bar Number: 0010121

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/8/18 TO:**

**SUHAILL MACHADO MORALES, ESQ.**
**ALLEN NORTON & BLUE, P.A.**
**121 MAJORCA AVENUE**
**SUITE 300**
**CORAL GABLES, FL 33134**
**305-445-7801**
**FAX: 305-442-1578**
**EMAIL: SMORALES@ANBLAW.COM**

    **BY:_____/s/ J.H. Zidell_____**
          **J.H. ZIDELL, ESQ.**