IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANA ROSA ALFONSO AGRINZONES
and all others similarly situated under
29 U.S.C. § 216(b),

    Plaintiff,

v.                                    CASE NO.: 18-cv-22599-UU

RINCON CRIOLLO RESTAURANT AND
CAFETERIA, INC.,
ANTONIO J. GONZALEZ, and
BARBARA GONZALEZ,

    Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

    Defendants, RINCON CRIOLLO RESTAURANT AND CAFETERIA, INC., ANTONIO J. GONZALEZ, and BARBARA GONZALEZ (hereinafter "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint and state as follows:

    1.    Defendants admit that Plaintiff purports to bring an action under the Fair Labor Standards Act ("FLSA") as alleged in Paragraph 1. However, Defendants deny that they engaged in any unlawful actions against Plaintiff in violation of any federal, state, local, and/or common law and deny that Plaintiff is entitled to any recovery whatsoever. Defendants further deny the remaining allegations in Paragraph 1.

    2.    Defendants are without sufficient knowledge as to residency of Plaintiff to admit or deny the allegations in Paragraph 2 and otherwise deny same.

SPDN-868764429-2246437

3. Defendants admit that Defendant Rincon Criollo Restaurant and Cafeteria Inc. is a company that regularly transacts business within Miami-Dade County. Defendant Rincon Criollo Restaurant and Cafeteria, Inc., admits that it was the employer of Plaintiff but otherwise denies that it shared any joint employer status with Defendants Antonio J. Gonzalez or Barbara Gonzalez.

4. Defendants admit Defendant Antonio J. Gonzalez was Plaintiff's employer under the FLSA and owner of the corporate Defendant.

5. Defendants admit Barbara Gonzalez was Plaintiff's employer under the FLSA and owner of the corporate Defendant.

6. Defendants admit only that the Defendant corporation is located in and operates out of Miami-Dade County and that Plaintiff worked for Defendants in Miami-Dade County. Defendants deny, however, that they committed any wrongful acts or omissions giving rise to this dispute therein.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Defendants admit that Plaintiff purports to bring this action under the laws of the United States. Defendants admit that Plaintiff purports to bring this action as a collective action under 29 U.S.C. §216(b). However, Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit for jurisdictional purposes only that this Court would have jurisdiction over Plaintiff's claims as alleged. Defendants, however, deny that they engaged in any unlawful acts or omissions against Plaintiff.

9. Paragraph 9 requires no affirmance or denial as it is a recitation of §207(a) of the Fair Labor Standards Act. Notwithstanding, Defendants deny the allegations in Paragraph 9 to the extent they suggest any wrongdoing on behalf of Defendants and for any other purpose.

SPDN-868764429-2246437

10. Defendants admit that Plaintiff was employed with Defendants until on or about June 20, 2018. However, Defendants deny that Plaintiff's employment began on or about September 18, 2017.

11. Defendants admit that their business activities subject them to the requirements of the Fair Labor Standards Act. Defendants otherwise deny the allegations in Paragraph 11.

12. Defendants admit that their business is an enterprise covered under the Fair Labor Standards Act.

13. Defendants admit that it had gross sales in excess of $500,000 annually for the years 2016 and 2017.

14. Defendants admit that its gross sales are expected to exceed $500,000 for the year 2018.

15. Denied.

16. Paragraph 16 requires no affirmance or denial as it is merely a statement of Plaintiff's intent. However, Defendants deny that Plaintiff is entitled to any damages, fees, or costs sought in this action and, as such, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 requires no affirmance or denial as it is merely a statement of Plaintiff's intent. However, Defendants deny that Plaintiff is entitled to any damages, fees, or costs sought in this action and, as such, Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 requires no affirmance or denial as it is merely a statement of Plaintiff's intent. However, Defendants deny that Plaintiff is entitled to any damages, fees, or costs sought in this action and, as such, Defendants deny the allegations in Paragraph 18.

19. Denied.

20. Denied.

SPDN-868764429-2246437

21. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 21.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

Defendants reaffirm and reallege their responses to the allegations contained above in paragraphs 1 through 21 as if fully set forth herein.

22. Paragraph 22 requires no affirmance or denial as it is a recitation of §206(a) of the Fair Labor Standards Act and of the federal minimum wage rate over time. Notwithstanding, Defendants deny the allegations in Paragraph 22 to the extent they suggest any wrongdoing on behalf of Defendants and for any other purpose.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 26.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION AGAINST DEFENDANTS JOINTLY AND SEVERALLY

Defendants reaffirm and reallege their responses to the allegations contained above in paragraphs 1 through 26 as if fully set forth herein.

27. Paragraph 27 requires no affirmance or denial as it is a recitation of Fla. Stat. § 448.110(3). Notwithstanding, Defendants deny the allegations in Paragraph 27 to the extent they suggest any wrongdoing on behalf of Defendants and for any other purpose.

SPDN-868764429-2246437

28. Paragraph 28 requires no affirmance or denial as it is a recitation of Fla. Stat. § 448.110(4)(a). Notwithstanding, Defendants deny the allegations in Paragraph 28 to the extent they suggest any wrongdoing on behalf of Defendants and for any other purpose.

29. Paragraph 29 requires no affirmance or denial as it is a recitation of Fed. R. Civ. P. 5(b)(1). Notwithstanding, Defendants deny the allegations in Paragraph 29 to the extent they suggest any wrongdoing on behalf of Defendants and for any other purpose.

30. Denied.

31. Defendants admit that they received the Notices as alleged in Paragraph 31. Defendants otherwise deny the remaining allegations in Paragraph 31.

32. Defendants admit that the parties have been unable to resolve their dispute. However, Defendants deny that they engaged in any violation of the Florida Minimum Wage Act or any other applicable law or regulation relevant to this dispute.

33. Paragraph 33 requires no affirmance or denial as it is a recitation of the Florida minimum wage over time. Nevertheless, Defendants deny the allegations in Paragraph 33 to the extent they seek to suggest wrongdoing on behalf of Defendants and for any other purpose.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 37.

SPDN-868764429-2246437

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff was employed as a tipped employee and was properly paid minimum wage for all hours worked pursuant to a tip credit lawfully applied by their employer and fully compliant with all provisions of the FLSA and the Florida Minimum Wage Act. Defendants notified Plaintiff that the tip credit was being credited toward her minimum wages. Plaintiff performed her duties pursuant to an occupation that customarily and regularly receives tips.

3. Any alleged violations of the FLSA or Florida Minimum Wage Act, if any are proven, would be *de minimis*.

4. Any violation of the FLSA or Florida Minimum Wage Act by Defendants was not willful and was wholly unintentional.

5. Any violation of the FLSA by Defendants was not willful and, thus, this action is governed by the two-year statute of limitations.

6. Any failure by Defendants to abide by the FLSA or Florida Minimum Wage Act was in good faith and Defendants had reasonable grounds for believing their actions were not in violation of the FLSA or Florida Minimum Wage Act. Accordingly, Plaintiff is not entitled to liquidated damages.

7. Assuming, *arguendo*, that Plaintiff is entitled to any recovery, Plaintiff's recovery must be offset by such amounts that they were already paid for time not worked.

8. Plaintiff received extra compensation in the form of tips and always received total compensation in excess of minimum wage.

SPDN-868764429-2246437

9. Plaintiff, and all those alleged to be similarly situated, were paid for all hours worked in accordance with all applicable laws and regulations.

10. Defendants have paid Plaintiff all amounts due to her, including overtime due for time worked in excess of forty (40) hours per week.

11. Plaintiff is not similarly situated to any other employee, and, thus, would not meet the requirements as class representative for a collective action under the FLSA or Florida Minimum Wage Act.

12. At all times, Defendant's compensation policies were implemented in good faith and in reliance on administrative regulations, rulings, and interpretations of the Department of Labor, Wage and Hour Division.

13. Defendants acted reasonably and with a good faith belief that its actions were in conformity with, and did not violate, the FLSA or Florida Minimum Wage Act.

14. Plaintiff did not, at any point prior to filing this lawsuit, complain to anyone at Defendants' business that she believed she was being improperly compensated.

15. Defendants reserve the right to assert any and all other defenses that may become evident during discovery and during any other proceeding in this action.

Respectfully submitted this 21st day of August 2018:

/s/ Alexander Castro
Suhaill M. Morales
Florida Bar No.: 084448
smorales@anblaw.com
Alexander Castro
Florida Bar No.: 1003630
acastro@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578

SPDN-868764429-2246437

                                                                                 Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically and sent via the CM/ECF System, unless otherwise noted below, on all counsel or parties of record listed below, this 21st day of August, 2018.

J.H. Zidell
zabogado@aol.com
Rivkah Jaff
rivkah.jaff@gmail.com
Neil Tobak
ntobak.zidellpa@gmail.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel.: (305)-865-6766
Fax: (786)-865-7167
Counsel for Plaintiff

Suhaill M. Morales
Florida Bar No.: 084448
smorales@anblaw.com
Alexander Castro
Florida Bar No.: 1003630
acastro@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578
Counsel for Defendants

                                                                    /s/ Alexander Castro
                                                                         Attorney

SPDN-868764429-2246437