IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANA ROSA ALFONSO AGRINZONES
and all others similarly situated under
29 U.S.C. § 216(b),

    Plaintiff,

v.                                      CASE NO.: 18-cv-22599-UU

RINCON CRIOLLO RESTAURANT AND
CAFETERIA, INC.,
ANTONIO J. GONZALEZ, and
BARBARA GONZALEZ,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, RINCON CRIOLLO RESTAURANT AND CAFETERIA, INC., ANTONIO J. GONZALEZ, and BARBARA GONZALEZ, pursuant to the Court's Order entered August 8, 2018 [D.E. 15], hereby file this Response to Plaintiff's Statement of Claim [D.E. 18], and for the reasons set forth below, deny that Plaintiff is entitled to any of the relief she seeks under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA").

    1. Defendants deny that Plaintiff is entitled to any damages under the FLSA or FMWA.

    2. Plaintiff was a tipped employee, was informed of the tip credit, and retained all tips she received except for participation in a tip pool with other employees who customarily and regularly received tips. Plaintiff's tips always resulted in total compensation well above the minimum wage.

    3. Assuming, *arguendo*, that Plaintiff is entitled to any unpaid overtime or minimum wage, her damages calculation is flawed in several ways, including, but not limited to:

1

    a. Assuming, *arguendo*, that Plaintiff were entitled to any damages, it is based off an inaccurate employment period. Plaintiff claims having been employed with Defendants beginning September 18, 2017. In fact, Plaintiff's employment began with Defendants on January 19, 2018. Therefore, even if Plaintiff were owed any overtime or minimum wage deficit, it would have to be calculated for, at most, 23 weeks, as opposed to the total 38 weeks that Plaintiff claims.

    b. Plaintiff did not work overtime in any work week and has not shown that she worked 66 hours during any week of her employment. Plaintiff's calculation of the alleged overtime hours per week is based on an incorrect claim that she worked 66 hours every week of her employment with Defendants. This assumes that she worked 26 hours a week above the standard 40-hour workweek every single week of her employment with Defendants. To date, Plaintiff has not shown that she did so.

    c. Plaintiff incorrectly assumes that she worked every week of her employment, which, to date, has not been shown. Her calculation further assumes that she was not absent at any time and for any reason.

    d. To the extent Plaintiff can prove that she was not paid for any minimum wage or overtime hours on any workweek, such failure to pay was due to inadvertence or mistake, and thus, not willful. Accordingly, Defendants deny Plaintiff is entitled to liquidated damages since Defendants acted in good faith and liquidated damages are subject to the limitations set forth in 29 U.S.C. § 216, which, to date, have not been established.

  4. If it is proven that Defendants did not comply with the FLSA or FMWA, Plaintiff's claim is barred to the extent that she seeks compensation for activities that were not compensable working time within the meaning of the FLSA or FMWA.

SPDN-868764429-2247112

5. Plaintiff's claims are barred by the *de minimis* rule to the extent she seeks compensation for insignificant periods of time allegedly worked.

6. If Plaintiff performed any work for which she was not paid she did so without the knowledge or consent of Defendants, and, therefore, she is not entitled to compensation for such time. If indeed Plaintiff performed such work, she failed to notify or deliberately prevented Defendants from acquiring knowledge of the alleged overtime she claims to have worked.

7. Plaintiff never objected to or complained about wages owed, not receiving overtime, or any activities, policies, or practices of Defendants that were in violation of any law, regulation, or rule.

8. Defendants are entitled to a set off for time it paid Plaintiff when she was not working.

9. Assuming, *arguendo*, that Plaintiff is entitled to a judgment in her favor, Defendants deny that Plaintiff is entitled to all fees incurred by Plaintiff's counsel and maintain that she is entitled to only an award of fees reasonably incurred, as limited by 29 U.S.C. § 216(b).[1]

10. Defendants reserve the right to amend their response, pursuant to information revealed during the course of discovery.

Respectfully submitted this 29th day of August 2018:

/s/ Alexander Castro
Suhaill M. Morales
Florida Bar No.: 084448
smorales@anblaw.com
Alexander Castro
Florida Bar No.: 1003630
acastro@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300

---

[1] For example, to the extent that Plaintiff's counsel failed to provide a pre-suit demand on the FLSA claims and has failed to engage in reasonable settlement efforts, any fees incurred in this action would be unnecessary and excessive.

SPDN-868764429-2247112

Coral Gables, Florida 33134<br>
Telephone: (305) 445-7801<br>
Facsimile: (305) 442-1578<br>
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically and sent via the CM/ECF System, unless otherwise noted below, on all counsel or parties of record listed below, this 29th day of August, 2018.

J.H. Zidell
zabogado@aol.com
Rivkah Jaff
rivkah.jaff@gmail.com
Neil Tobak
ntobak.zidellpa@gmail.com
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel.: (305)-865-6766
Fax: (786)-865-7167
Counsel for Plaintiff

Suhaill M. Morales
Florida Bar No.: 084448
smorales@anblaw.com
Alexander Castro
Florida Bar No.: 1003630
acastro@anblaw.com
ALLEN, NORTON & BLUE, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 445-7801
Facsimile: (305) 442-1578
Counsel for Defendants

/s/ Alexander Castro _____<br>
Attorney

SPDN-868764429-2247112